Mr. Justice Smith
delivered the opinion of the court.
This was a suit brought in the circuit court of Yazoo, to re *615 cover the money due on a promissory note made by the plaintiff in error. The consideration of the note was three jenne'ts, which had been purchased in the state of Maryland, by Kendall, the nominal plaintiff below, as the agent, and by the express request of Ingersoll. Ingersoll pleaded the general issue, and a special plea, setting up an entire failure of consideration. The trial below resulted in a verdict and judgment against him. The evidence adduced on the trial appears in the bill of exceptions taken to the refusal of the court to grant a new trial.
The evidence was sufficient to sustain the verdict, and unless the court erred in giving or refusing the instructions requested by the parties, it must stand.
A contract for sale and purchase is an agreement for the conveyance of property to another, in consideration of a payment actually paid or intended to be given. When such contract is made for a specific commodity in use, and susceptible of an immediate delivery, the property is changed immediately on making the bargain. 15 Peters, 315; 2 Johns. 14; Shep. Touch. 224; 2 Com. Cont. 230.
It is not the delivery or the tender of the property, nor the payment, or the tender of payment, of the purchase-money, which constitutes the sale. The sale is complete so soon as the parties have agreed on the terms. That is, so soon as the vendee says, “I will give the price demanded,” and the vendor says, 111 will take it,” the rights of both parties are instantly fixed. Potter v. Coward, Meigs, Rep. 26.
The evidence was to the effect, that Kendall as the agent, and by the request of Ingersoll, purchased the jennets, for the price of which the note was given, of Gilmore in the state of Maryland; that they were running at large in his pasture; that no actual possession was taken of them, and that they were left in the possession and under the charge of Gilmore, by the direction and at the request of Ingersoll. That when the purchase was made, Kendall gave his own note for the purchase-money, which was afterwards substituted by the note of Ingersoll, on which this suit was brought. The jennets remained in the charge of Gilmore, and Ingersoll by letter acknowledged his liability to pay *616 the note, and expressed a wish that Gilmore would make sale of them, and relieve him by that means from liability on the note.
By an application of the principles above stated to these facts, it is undeniable that the property in the jennets vested in Ingersoll. Hence the substituted note was based on a valuable consideration, and therefore obligatory on him. The first instruction, given at the instance of the plaintiff, lays down the law applicable to the facts of the case, in accordance with these views.
The second charge given for plaintiff was correct. The vendor’s lien which was suspended during the credit, was revived upon the maturity of the note and its nonpayment. The jennets remained in the possession of Gilmore, after the dishonor of the note. Ingersoll had no right to require possession unless payment, or an offer to pay were made, and the right of the holder of the note to sue was not dependent on a delivery or an offer to deliver. Story on Sales, § 285; Com. Con. 224. •
We will next examine the instructions requested by the defendant.
The first was, that if the jury believed from the evidence that the note sued on was given by defendant to Kendall, for three jennets designed to be sold by Kendall to Ingersoll, and that defendant never had, and has not now, possession of the same, they should find for the defendant.
The first part of the charge was irrelevant. There was no proof that the jennets were sold by Kendall to defendant. The evidence was clear and distinct that the purchase was made by the defendant through the agency of Kendall. The authorities above cited show that the remainder of the charge was erroneous. Hence the refusal of the court to give this instruction was not erroneous.
The second charge was properly refused. A delivery was unnecessary to vest the property in the vendee. Story on Sales, 300, 301; Meigs, Rep. 26. An admission of the fact which the instruction states the jury had a right to infer, could not affect *617 the right of the plaintiff to recover. The instruction was in reference to an immaterial fact.
The third and fourth instructions were irrelevant and immaterial, and therefore correctly refused.
The fifth and last instruction is based on the assumption, that a delivery is necessary to vest the purchaser of a chattel with the right of property therein. We have above seen that the title to a commodity passes to the vendee, so soon as the terms of the purchase and sale have been agreed on by the vendor and vendee. Hence that a delivery is not essential to complete the contract for the sale of goods and chattels. This'was the rule at common law. A different principle was established by the 17th sec. chap. 3, of the statute 29 Charles II; but the provisions of that section of the English statute of frauds was never adopted by the state of Mississippi. Hence the common law rule is in force here. The court did not err in refusing this instruction.
Let the judgment be affirmed.